986 F.2d 1422
 142 L.R.R.M. (BNA) 2936, 124 Lab.Cas. P 10,611
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph T. SMALL; Don Hurst, Petitioners-Appellants,
v.
UNITED STATES DEPARTMENT OF LABOR, Respondent-Appellee.
 No. 92-3810.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1993.
 
 1
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Joseph T. Small and Don Hurst, pro se petitioners, appeal a district court's judgment dismissing their petition for review filed under § 402(b) of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 482(b). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Petitioners initially filed a complaint with the Department of Labor asserting that Local 212 of the International Brotherhood of Electrical Workers was in violation of § 401(h) of the LMRDA, 29 U.S.C. § 481(h). This section provides that if the Secretary, upon application of any member of a local labor organization, finds that the constitution and bylaws of a labor organization do not provide an adequate procedure for the removal of an elected officer guilty of serious misconduct, such officer may be removed for cause shown and after notice and hearing, by members in good standing voting in a secret ballot conducted by the officers of such labor organization in accordance with its constitution and bylaws. The petitioners alleged that Local 212 did not have an adequate procedure for the removal of officers guilty of serious misconduct, and asked the Secretary to bring legal action under § 402(b) of the LMRDA, 29 U.S.C. § 482(b). Subsequent to the filing of the complaint, the officer in question was replaced in the next election. Therefore, the Secretary found that no purpose would be served by pursuing further legal action and decided not to file a lawsuit.
 
 
 4
 Thereafter, petitioners filed a petition for review with the district court, requesting it to compel the Secretary of Labor to sue Local 212 of the IBEW. The district court found that the Secretary's decision was not arbitrary and capricious and granted judgment in favor of the respondent. In their timely appeal, petitioners argue that the Department of Labor failed to remedy violations of Title IV, thereby violating § 402(b) of the LMRDA, 29 U.S.C. § 482(b).
 
 
 5
 Upon consideration, we conclude that the district court did not err in granting the respondent's motion for summary judgment as there is no genuine issue of material fact and the respondent is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The Secretary's decision not to pursue further legal action was simply not arbitrary and capricious. We accept the Secretary's construction of § 402(b) of the LMRDA, and its corresponding regulation, 29 C.F.R. § 417.17, because it is reasonable, consistent and persuasive. See Michigan United Conservation Clubs v. Lujan, 949 F.2d 202, 206 (6th Cir.1991).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation